UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MILTON TYSON, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:21-cv-00841-AMM-NAD |
| | ) |
| **NURSE JAMIE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation on May 6, 2024, recommending that the court dismiss this case pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. Doc. 25. On June 24, 2024, plaintiff Milton Tyson, Jr., filed timely objections to the report and recommendation. Doc. 28.

In his objections, Mr. Tyson states that he "will dismiss all other claims . . . except against the nursing staff or any officials that is concerned with the loss of vision" in his left eye. *Id*. Accordingly, the court considers Mr. Tyson's objections to the report and recommendation only as they relate to the medical treatment he received while detained in the Madison County Jail.

Mr. Tyson reiterates his allegation from his amended complaint that on June 21, 2019, defendant Nurse Jamie used too much stitch glue to close a gash over his

eye, causing the glue to get in his eye. Doc. 28; *see also* Doc. 13 at 9. He faults the jail for failing to have "eye flushing equipment[]" nearby and asserts that pouring water into his eye was not an acceptable remedy. Doc. 28. Mr. Tyson also states that the jail nursing staff failed to administer prescribed eye drops "on several occasions" and that on January 13, 2020, an outside eye doctor was upset that "staff" were not keeping his eye appointments. *Id.*; *see also* Doc. 13 at 9. He adds that on February 24, 2020, he did not receive his medications "at all" and that his eye drops were not administered because nurses said they had "to[o] many floors to do to bring back eye drops." Doc. 13 at 9. Finally, Mr. Tyson alleges that the nursing staff failed to take his vital signs. Doc. 28; *see also* Doc. 13 at 6.

Taking Mr. Tyson's allegations as true, and drawing every reasonable inference from those allegations concerning Nurse Jamie's use of excessive glue to close a gash over his eye, Mr. Tyson might state a claim for negligence or even medical malpractice under Alabama law, but fails to state a claim for constitutionally deficient medical care. *See e.g., Keohane v. Florida Dep't of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (holding that medical treatment does not have to be "perfect, the best obtainable, or even very good," and violates the Constitution only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness"); *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (recognizing that "accidental inadequacy,

2

negligence in diagnosis or treatment, or even medical malpractice" do not equate to medical care so poor it constitutes an unnecessary and wanton infliction of pain). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Ireland v. Prummell*, 53 F.4th 1274, 1293 (11th Cir. 2022) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Tyson does not allege any action or inaction by Nurse Jamie after her mishap with the stitch glue. Additionally, his statements of fact make clear that he was sent to an outside eye doctor for treatment after this occurrence. *See e.g.*, Doc. 13 at 9.

Mr. Tyson also asserted that on one occasion, defendant Nurse Kyna failed to send Tyson to a scheduled eye appointment. *Id*. Mr. Tyson provides no factual enhancement to this barebones allegation, and standing alone, this allegation does not suffice to demonstrate that Nurse Kyna acted in deliberate indifference to Mr. Tyson's medical needs.

In his amended complaint, Mr. Tyson also alleged that unnamed jail nurses failed to provide eye drops prescribed for Mr. Tyson "at all, or the same night." *Id.* at 6. In his objections, Mr. Tyson alleges that he did not receive his eye drops "on several occasions." Doc. 28. Mr. Tyson's assertions that unnamed nurses failed to administer his eye drops and other medication, and failed to take his vital signs at times, Doc. 13 at 6, 9, are conclusory allegations of fact that, without more, do not

3

allege an objectively severe medical need. "[N]aked assertion[s]" of fact, devoid of "further factual enhancement," do not suffice to support a constitutional claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although Mr. Tyson did not have to provide "detailed factual allegations," he had to allege more than an "unadorned, the defendant-unlawfully-harmed-me" accusation. *Id.* Mr. Tyson's amended complaint failed to meet this minimal pleading standard.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court finds that this action is due to be **DISMISSED WITH PREJUDICE** based on Mr. Tyson's failure to state a claim upon which relief could be granted. To the extent Mr. Tyson intended to bring a claim for medical malpractice under state law, that claim will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

A Final Judgment will be entered.

5

**DONE** and **ORDERED** this 8th day of July, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE